**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Vincent Boyd,

Plaintiff,

v.

Michael David Grayson; et al.,

Defendants.

Case No. 2:25-cv-01971-GMN-DJA

**Order and Report and Recommendation**

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis* (meaning, without paying the filing fee). (ECF No. 5). Plaintiff also submitted a complaint. (ECF No. 1-1). Because the Court finds that Plaintiff's application is complete, it grants the application to proceed *in forma pauperis*. The Court also screens Plaintiff's complaint.

## I. *In forma pauperis* application.

Plaintiff filed the affidavit required by § 1915(a). (ECF No. 5). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

## II. Legal standard for screening.

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal

district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**III. Screening the complaint.**

Plaintiff alleges that on May 9, 2022, while turning left onto Bonanza Road from Nellis Boulevard, he saw emergency lights in his rear-view mirror. (ECF No. 1-1). Plaintiff explains that—after he completed the left turn—he merged into his far-right lane to allow the emergency vehicle to pass, but it continued to follow him. (*Id.*). He states that he then pulled into a carwash parking lot and parked in a marked parking space. (*Id.*). Plaintiff alleges that Officer Grayson[1] approached him and that when Plaintiff attempted to exit his vehicle, Officer Grayson told him to stay inside the vehicle; that he was being subjected to a traffic stop; that he was being detained; and that he needed to provide his identification. (*Id.*).

Plaintiff further alleges that he then had the following interaction with Officer Grayson during the traffic stop: Plaintiff provided his full name and asked Officer Grayson whether he was suspected of committing a crime. (*Id.*). Officer Grayson responded that "[the stop] was traffic-related" and that Plaintiff needed to provide his date of birth. (*Id.* at 3-4). Plaintiff informed Officer Grayson that because he was not suspected of committing a crime, he wanted to exercise his right to only provide his full name and to remain silent. (*Id.* at 4). Officer Grayson replied that Plaintiff's recitation of his rights "doesn't work like that," and that Plaintiff needed to provide his identification or date of birth, or risk being charged with obstructing a public official. (*Id.*). Plaintiff asserts that Officer Grayson grabbed his arm—and while still holding Plaintiff's arm—radioed for backup, while telling Plaintiff that the approaching sirens were for him and that

---

[1] Plaintiff does not refer to "the officer" by name in his complaint, but he names Officer Michael David Grayson as the only Officer-Defendant. Thus, the Court construes the officer who primarily conducted Plaintiff's initial traffic stop as described by Plaintiff to be Officer Michael David Grayson.

he "should have just [cooperated]." (*Id.*). Plaintiff submits that he asked not to be further assaulted, and that after other officers[2] arrived, they forced Plaintiff from his car, searched him, arrested him, and then booked him into the "Las Vegas City Jail."[3] (*Id.*).

Plaintiff states that the proceedings related to the above-outlined incident were heard before the Honorable Judge Susan Roger.[4] (*Id.*). Plaintiff contends that Judge Roger incorrectly applied state law in ruling on his "Constitutional right."[5] (*Id.*). He states that Judge Roger ultimately found him guilty on all counts and that he was sentenced to 30 days in jail.[6] (*Id.*). Plaintiff brings a claim for violation of his right to travel[7] seeking damages and, while it is not entirely clear, a ruling that "peace officers [should] not be privilege[d] to a stop a vehicle that does not attempt to display a license plate [sic] or that's not in traffic." (*Id.* at 7).

### *A. The Court recommends dismissing Plaintiff's right to travel claim without prejudice and with leave to amend.*

The Court liberally construes Plaintiff's right to travel claim as arising under the Fourteenth Amendment. To be sure, the Constitution protects the right to travel. The right to interstate travel includes (1) "the right of a citizen of one State to enter and to leave another State," (2) "the right to be treated as a welcome visitor rather than an unfriendly alien when temporarily present in the second State," and, (3) "for those travelers who elect to become

---

[2] In his complaint, Plaintiff does not name the additional officers who participated in the underlying traffic stop.

[3] The Court liberally construes "Las Vegas City Jail" as referring to Las Vegas Detention Center.

[4] The subsequent proceedings related to Plaintiff's traffic stop and arrest are not entirely clear from this point on. Plaintiff does not clarify the full name of Judge Roger nor the Court where his proceedings took place. However, the Court may take judicial notice of matters of public record. *See Reyn's Pasta Bella LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). Thus, the Court takes judicial notice of the identity of Las Vegas Municipal Court Judge Susan Roger.

[5] Plaintiff does not specify which Constitutional right he believes was implicated nor does he specify whether he brought the same claims in the proceedings before Judge Roger as he does here.

[6] Plaintiff does not state what counts he was found guilty on. He clarifies that despite being sentenced to 30 days in jail, he was released after 19 days.

[7] Plaintiff indicates on his Civil Cover Sheet that his cause of action is related to an unlawful arrest and detention. However, he only brings a claim for a violation of his right to travel.

permanent residents, the right to be treated like other citizens of that State." *Saenz v. Roe*, 526 U.S. 489, 500 (1999). Yet the right to travel does not and has never included the right to drive a car. "[B]urdens on a single mode of transportation do not implicate the right to interstate travel." *Miller v. Reed*, 176 F.3d 1202, 1205 (9th Cir. 1999). Moreover, "a state may rightfully prescribe uniform regulations necessary for public safety and order in respect to the operation upon its highways of all motor vehicles." *Hendrick v. Maryland*, 235 U.S. 610, 622 (1915) (emphasis added). Although courts have identified constitutional rights of free movement and travel implicit in the First and Fourteenth Amendments, *United States v. Guest*, 383 U.S. 745, 758, 86 S.Ct. 1170, 16 L.Ed.2d 239 (1966); *Nunez v. City of San Diego*, 114 F.3d 935, 944 (9th Cir. 1997), those rights are subject to limitation, do not guarantee any specific mode of travel, and do not confer a right to use public roads without complying with laws and regulations governing travel thereon. *Miller*, 176 F.3d at 1205–06.

Here, even liberally construed, Plaintiff has not alleged any facts to suggest a violation of one of the components constituting his right to travel. Plaintiff's allegations regarding violations of his right to travel relate to Officer Grayson's underlying traffic stop. Plaintiff first cites to *Thompson v. Smith*, 154 SE 579 in support of the proposition that,

> The right of the citizen to travel upon the public highways and to transport his property thereon, either by carriage or by automobile, is not a mere privilege which a city may prohibit or permit at will, but a common [law] right which he has under the right to life, liberty, and the pursuit of happiness.

Plaintiff appears to allege that based on this holding, he retains the right to travel on public highways and that Officer Grayson's traffic stop interfered with that right. To the extent that he is, driving a car is not a cognizable right falling under the right to travel. *See Miller*, 176 F.3d at 1206 (explaining that "[w]hat is at issue here is not [the] right to travel interstate, but [the] right to operate a motor vehicle on the public highways, and we have no hesitation in holding that this is not a fundamental right.") (citing *Berberian v. Petit*, 118 R.I. 448, 374 A.2d 791 (1977)). Plaintiff also asserts that Officer Grayson accused him of traffic and driving offenses even though "there were no signs of driving on [his] vehicle"; that he was assaulted; and that he lost his liberty

and freedom to Officer Grayson. (ECF No. 1-1). To the extent that Plaintiff alleges that his initial traffic stop was an unlawful seizure, he has not alleged a lack of probable cause for Officer Grayson's traffic stop.[8] To the extent he alleges that he was unlawfully arrested, he has not alleged a lack of probable cause for his arrest. *Perez-Morciglio v. Las Vegas Metro. Police Dep't*, 820 F. Supp. 2d 1111, 1120 (D. Nev. 2011) (citing *Dubner v. City & Cnty. of S.F.*, 266 F.3d 959, 964-65 (9th Cir. 2001)) ("[a] claim for unlawful arrest is cognizable under 42 U.S.C. § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification."). Thus, Plaintiff's complaint does not provide enough allegations to support an inference that being subjected to a traffic stop violated Plaintiff's constitutional rights of free movement and travel. He also does not allege facts challenging the requisite probable cause for his traffic stop and subsequent arrest. So, the Court recommends dismissing Plaintiff's claim without prejudice and with leave to amend.

***B. The Court recommends dismissing Plaintiff's claim against Judge Susan Roger with prejudice.***

The Court next turns to Plaintiff's claims against the Honorable Judge Susan Roger. Plaintiff names Judge Roger as a defendant in his complaint, but he does not specify which claims that he brings against her. It appears that Plaintiff is attempting to sue Judge Roger for acts performed in her official capacity as a judicial officer in the proceedings related to Plaintiff's traffic stop and arrest. To the extent that he is, "[j]udges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Giampa v. Duckworth*, 2013 WL 1385649 (D. Nev.) (citing *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). Judicial actors lose immunity only where they act outside of their jurisdiction or outside of their judge-like functions. *Giampa*, 2013 WL 1385649 *2 (citation omitted). Here, Plaintiff alleges that Judge Roger incorrectly applied state law in deciding his

---

[8] A vehicle stop is reasonable if it is supported by probable cause to believe that a traffic violation occurred. *See When v. U.S.*, 517 U.S. 806, 810 (1996) (explaining that the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred, even if the violation is a pretext for the stop).

"Constitutional right," which involves judicial actions. So, the Court finds that Judge Roger is entitled to absolute immunity and recommends dismissing this claim with prejudice and without leave to amend.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's right to travel claim be **dismissed without prejudice**.

**IT IS FURTHER RECOMMENDED** that Judge Susan Roger be **dismissed from this action with prejudice**.

**NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues could waive the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *see Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983); *see Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012).

DATED: October 8, 2026

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE